## ENGGREN *v.* PRINZ.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

CONVERSION OF CHATTELS—PROOF OF OWNERSHIP.

In an action for the conversion of a horse levied on and taken under execution against plaintiff's husband as the property of the husband, plaintiff testified that she was the owner of the horse.   Defendant introduced in evidence a chattel mortgage to plaintiff from her husband, which included the horse in question.   Plaintiff never saw the mortgage, and it was put on record without her knowledge.   At the time of the levy plaintiff told the constable that the horse was hers.   *Held,* that a verdict for plaintiff would not be disturbed on appeal.

Appeal from Kings county court.

Action by Lizzie Enggren against Christian J. Prinz for the conversion of a horse named Julia, alleged to be the property of plaintiff.   It appeared that one Nicholas Ryder obtained a judgment against Gustave L. Enggren, the husband of plaintiff.   An execution was issued thereon and delivered to a constable, who levied on the horse in question and sold it to satisfy the execution to defendant.   From a judgment entered on the verdict for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. J. Stanford,* for appellant.   *William W. Gillen,* for respondent.

BARNARD, P. J.   This is an action for the conversion of a horse.   The issue raised by the answer was that the horse belonged to plaintiff's husband, and the taking was by execution and levy under a judgment in favor of one Nicholas Ryder.   It appeared upon the trial that the husband of plaintiff had executed a chattel mortgage on certain property to his wife, and that this horse was included in it.   The wife claimed an independent title, and she never saw the mortgage.   It was put on record by her husband without her knowledge.   The conversation between the plaintiff and the constable who made the levy was hearsay, but it was wholly immaterial.   The constable demanded $50, and the plaintiff said she had nothing to do with her husband's debt.   The constable said he would levy, and the plaintiff told him it was her horse.   There is nothing presented by the case which calls for a reversal of the judgment.   Judgment affirmed, with costs.   All concur.